United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Petitioner,

v.

R. J. KIRKLAND (warden),

    Respondent.
                               /

No. C 06-3141 SI (pr)

**ORDER OF DISMISSAL**

    Jose Carlos Lopez, an inmate at Pelican Bay State Prison, commenced this action by filing a petition for writ of habeas corpus in which he complained that his rights were violated during proceedings to place him in administrative segregation based on his alleged affiliation with a prison gang. The petition does not attempt to challenge either the fact of his conviction or the length of his sentence. Rather, it goes entirely to the conditions of his confinement, and success in this action would not result in his release from prison nor shorten his stay in prison.

    Where, as here, a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence, a civil rights action under 42 U.S.C. § 1983 is proper and habeas jurisdiction is absent. See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been that challenges to conditions of confinement be brought in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action proper method of challenging conditions of confinement); Crawford v. Bell,

1  599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition because
2  challenges to terms and conditions of confinement must be brought as civil rights complaint).

3  Although a district court may construe a habeas petition by a prisoner attacking the
4  conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983,
5  Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the court declines to do so here. The
6  difficulty with construing a habeas petition as a civil rights complaint is that the two forms used
7  by most prisoners request different information and much of the information necessary for a civil
8  rights complaint is not included in the habeas petition filed here. Examples of the potential
9  problems created by using the habeas petition form rather than the civil rights complaint form
10 include the potential omission of intended defendants, potential failure to link each defendant
11 to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt
12 whether the prisoner is willing to pay the $350.00 civil action filing fee rather than the $5.00
13 habeas filing fee to pursue his claims. The habeas versus civil rights distinction is not just a
14 matter of using different pleading forms. A habeas action differs in many ways from a civil
15 rights action: (1) a habeas petitioner has no right to a jury trial on his claims, (2) the court may
16 be able to make credibility determinations based on the written submissions of the parties in a
17 habeas action, (3) state court (rather than administrative) remedies must be exhausted for the
18 claims in a habeas action, (4) the proper respondent in a habeas action is the warden in charge
19 of the prison, but he or she might not be able to provide the desired relief when the prisoner is
20 complaining about a condition of confinement, and (5) damages cannot be awarded in a habeas
21 action. While a prisoner may think he has found a loophole that allows him to save $345.00 –
22 by filing a habeas petition with a $5.00 fee rather than the usual $350.00 fee for a civil action
23 – the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be
24 charged the $350.00 filing fee to challenge conditions of confinement. It is not in the interest
25 of judicial economy to allow prisoners to file civil rights actions on habeas forms because
26 virtually every such case, including this one, will be defective at the outset and require additional
27 court resources to deal with the problems created by the different filing fees and the absence of
28 information on the habeas form.

1    For the foregoing reasons, this action for a writ of habeas corpus is DISMISSED without
2 prejudice to Lopez filing a civil rights action under 42 U.S.C. § 1983, preferably using the
3 court's civil rights complaint form.
4    In light of the dismissal of this action, the request for appointment of counsel and the in
5 forma pauperis application are DENIED.  (Docket # 2, # 3.)
6    The clerk is instructed to mail a copy of the prisoner civil rights complaint form to
7 petitioner.
8    IT IS SO ORDERED.
9 Dated:  May 25, 2006                    _____
                                         SUSAN ILLSTON
                                         United States District Judge